Robert D. Ryan – 014639
**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona 85003
Tel.: 602-256-2333
rob@robertdryan.com

Matthew S. Miller*
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel.: 312-741-1085
mmiller@msmillerlaw.com

Adam J. Levitt*
Amy E. Keller*
Laura E. Reasons*
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com

* *Pro Hac Vice* Admission Pending

*Counsel for Plaintiff and the Proposed Classes*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carson Little, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Grand Canyon University,<br><br>Defendant. | Civil Action No. _____<br><br>**ORIGINAL CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Carson Little ("Plaintiff"), individually and on behalf of all others similarly situated (collectively, the "Classes," as more fully defined below), brings this class action complaint against Defendant Grand Canyon University ("GCU"). Plaintiff makes the following allegations upon personal knowledge as to his own acts, and upon information and belief, and his attorneys' investigation, as to all other matters, alleging as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    <u>NATURE OF THE ACTION</u>

1.      This is a class action brought on behalf of all people who paid fees and/or the cost of room and board for the Spring 2020 academic semester at GCU and who, because of GCU's response and policies relating to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefits of the room and board for which they had paid, and/or the services for which their fees were paid, without having those fees and costs refunded to them in full and without condition.

2.      On or around March 12, 2020, GCU announced that because of the global COVID-19 pandemic, all but a few classes would be moved online for the remainder of the Spring 2020 semester.  All athletic events, all Spring Fine Arts performances, and other co-curricular activities were also suspended.  Students were encouraged to return to their homes to complete their coursework online.  Although it was announced that the GCU campus would remain open, students had no meaningful choice but to comply with the mandate to return home to complete coursework online.  That mandate was reinforced several times, with student told to "leave campus as soon as possible" or if they had already, to stay home and not return.  It was further announced that all large-group gatherings on campus were canceled, and campus facilities and lounges were groups typically gather were also closed.

3.      Because all classes were moved online, all activities suspended, and facilities were closed, there was no reason for students to remain on campus if they had other housing available to them and no reason for students who did not live on campus to come to campus as they had always done to attend class.  This is particularly so in the face of the dangers, risks, and fear associated with the pandemic.  On information and belief, many students chose to leave campus to be closer to their families, or to avoid exposure to COVID-19, and have stayed off campus to comply with directives from GCU, and local, state, and federal governments.

4.      Despite its constructive eviction of students from campus for the remainder of the semester and ending all campus activities for at least that same time period, GCU has not offered adequate refunds to students for the unused portion of their room and board, nor has it offered

refunds of fees paid to cover the cost of certain on-campus services which will no longer be available to students.   To the extent refunds have been offered, the refunds have not been commensurate with the financial losses to the students and their families.   GCU is, in essence, profiting from this pandemic.

5.     GCU's decision to transition to online classes and to instruct students to leave campus were responsible decisions to make, but it is unfair and unlawful for GCU to retain fees and costs and to pass the losses on to the students and their families.   Other higher education institutions across the United States that also have switched to e-learning and have requested that students leave campus have recognized the upheaval and financial harm to students and their families from these decisions and have provided appropriate refunds. That's the right thing to do.   GCU, unfortunately, has taken the opposite approach by providing nominal housing credits with conditions attached, rolling over Dining Dollars (again, with conditions attached), and not providing any refunds of fees, despite requests from students and families.

6.     Accordingly, GCU has improperly retained monies paid by Plaintiff and the other Class members for room and board and fees, while prohibiting or otherwise preventing Plaintiff and the other Class members from obtaining the benefits for which they paid.   Even if GCU claims that it didn't have a choice, it nevertheless has improperly retained funds for services it is not providing.   No matter the excuse, GCU's actions are unlawful and unfair, and equity demands disgorgement of the fees and monies paid and/or damages to make Plaintiff and the other members of the Class whole.

7.     Plaintiff brings this class action for injunctive, declaratory, and equitable relief, damages, and any other available remedies, resulting from GCU's illegal, unfair, or deceptive conduct, namely retaining the costs of room and board and fees paid by Plaintiff and the other Class members, while forcing or encouraging Plaintiff and the other Class members (or the students on behalf of who Plaintiff and Class members paid these expenses) to move off campus.

8.     This lawsuit seeks disgorgement of the pro-rated, unused amounts of room and board and fees that Plaintiff and the other Class members paid, but for which they (or the students on behalf of whom they paid) will not be provided the benefit.

## II.     PARTIES

### A.     Plaintiff

9.     Carson Little is a GCU student and paid the cost of room and board and fees for the Spring 2020 semester.  Plaintiff left campus on March 13, 2020 and has not returned in accordance with GCU's policies and mandates relating to COVID-19.

10.     Despite being unable to remain in his on-campus housing through no fault of his own, like all other students at GCU, Plaintiff has not been offered adequate refunds of his room and board costs.  Despite the shutdown of campus and suspension of on-campus activities, Plaintiff has not been offered or provided any refund of any fees that he paid for the semester.

### B.     Defendant

11.     Grand Canyon University is a private, for-profit,[1] Christian University with its main campus in Phoenix, Arizona.  It has two additional campus locations—the Banner Boswell extension campus in Northwest Phoenix, and the Tucson extension campus.  GCU resides in Maricopa County, Arizona, with its principal place of business at 3300 W. Camelback Road, Phoenix, Arizona.

## III.     JURISDICTION AND VENUE

12.     This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which any member of the Class of

---

[1] Paul Fain, Surprise for Grand Canyon's Nonprofit Conversion (Nov. 7, 2019), https://www.insidehighered.com/news/2019/11/07/education-department-calls-grand-canyon-profit-raising-questions-about-conversion (Trump administration's Education Department says GCU remains a for-profit institution).

ORIGINAL CLASS ACTION COMPLAINT

plaintiffs is a citizen of a state different from GCU.  Namely, Plaintiff is an Oregoncitizen and GCU is an Arizona citizen.

13.  This Court has personal jurisdiction over GCU because it resides in this District.

14.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because GCU resides in this District and is a resident of Arizona, the state in which the District is located.

## IV.  FACTUAL ALLEGATIONS

### A.  *Plaintiff and the Other Class Members Paid the Costs of Room and Board and Fees for the Spring 2020 Semester*

15.  Class members are individuals who paid the cost of room and board and fees for the Spring 2020 semester at GCU.

16.  Students at GCU moved in for the Spring 2020 semester on or around January 4 and 5, 2020.  Classes began on January 6, 2020.  Prior to the COVID-19 outbreak and announcements, non-graduating students were required to move out by April 23, 2020, and graduating students were required to move out by April 25, 2020.  The traditional campus commencement was scheduled for April 24, 2020 but has since been postponed.

17.  Plaintiff and the other members of the Room and Board Class paid the cost of room and board for the Spring 2020 semester.

18.   Plaintiff and the other members of the Fee Class also paid the fees associated with the Spring 2020 semester.

19.  Approximate housing costs at GCU for the 2019-2020 academic year are as follows (all costs are *per semester*):

- Residence Hall Triple Occupancy:  $1,875;
- Residence Hall Double Occupancy:  $2,500;
- Apartments Single Occupancy:  $3,150 or $3,200; $2,900 for Studio Single Occupancy in the Papago apartments; and

1          • Apartments Double Occupancy:  $2,900.[2]

2          20.     Meal plans for 2019-2020 are Dining Dollars only.  The following meal plans were

3   available to students for the 2019-2020 academic year (all costs are *per semester*):

4          • Canyon 250 – commuter students only - $250;

5          • Canyon 750 – apartment residents or commuter students only - $750;

6          • Canyon 1000 – minimum requirement for new, incoming apartment residents -

7             $1,000;

8          • Canyon 1350 – minimum requirement for residence hall students - $1,350

9          • Canyon 1800 - $1,750;

10         • Canyon 2100 - $2,000; and

11         • Canyon 2700 - $2,550.[3]

12         21.     GCU students including Plaintiff and the other members of the Fee Class also paid

13  some or all of the following fees for the 2019-2020 academic year:

14         • Canyon Connect – $105 per class;

15         • Registration Deposit –$50;

16         • Student Activity Fee – $300 per semester;

17         • Student Parking Fee - $20 to $150 depending on lot;

18         • Housing Application Fee - $250;

19         • Graduation Fee - $150;

20         • Global Studies Portfolio fee - $90;

21         • Hospitality Management Premium - $100 per semester;

22         • Computer Science, Computer Programming, Engineering and Information

23            Technology Program Premiums - $900 per semester;

24         • Nursing Program Premium - $1,500 per semester;

---

[2] Grand Canyon University, Housing and Meal Costs, https://www.gcu.edu/tuition/housing-meal-costs.

[3] *Id.*

ORIGINAL CLASS ACTION COMPLAINT

- Worship Arts Premium - $250 per semester; and
- Special Course Fees – varies as descried in University Policy Handbook.[4]

22.    The fees listed and described in paragraph 21 are provided by way of example; total damages amounts—which may include other fees that are not listed herein but that were paid and not refunded—will be proven at trial.  Fees do not include the cost of tuition.  Nor do fees include room and board, which are separately discussed in paragraphs 19 and 20, above, and throughout this Complaint.

23.    GCU is a for-profit institution with a net revenue exceeding $800 million, annually.

24.    The revenue of GCU and its affiliates includes:

- Fee revenue from students for use of the online communications portal;
- Fee revenue from students and their related activities;
- Fee revenue from students for use of the Canyon connect learning resources platform;
- Fee revenue from students for student housing; and
- Fee revenue from students for meal plans and other food services.[5]

**B.**    ***In Response to COVID-19, GCU Gets It Half Right: Students Are Required or Encouraged to Leave Campus, But Their Fees Are Not Refunded.***

25.    Beginning in January 2020, COVID-19 began presenting American cities and universities with an unprecedented, modern-day challenge: maintaining the fabric of our economy and communities while protecting American lives.

26.    In March 2020, several U.S. cities, states, and municipalities began calling for social distancing to slow the spread of COVID-19.  Eventually, some cities, states, and municipalities ordered citizens and residents to "shelter-at-home," effectively requiring them to stay home, other than to receive essential services.

---

[4] Other GCU Fees, https://www.gcu.edu/tuition/other-fees.

[5] Letter from Federal Student Aid to Mr. Brian Mueller, President, Grand Canyon University regarding for-profit status of GCU (Nov. 6, 2019), at p. 3, https://www.documentcloud.org/documents/6548639-GCUDecision.html.

27.    Students expressed concern that, if they stayed on campus or in student residence halls, the living conditions would threaten their safety, and expose them to COVID-19.

28.    On March 20, 2020, the Arizona Department of Health Services issued updated recommendations as follows:

- Effective close of business Friday, March 20, all restaurants in Arizona counties with confirmed COVID-19 cases are required to provide dine-out options only.

- Effective close of business Friday, March 20, all bars, movie theaters, and gyms in counties with confirmed COVID-19 cases are required to close.

- Halt all elective surgeries in the state of Arizona.

- If someone in your family has tested positive for COVID-19, keep the entire household at home and contact your medical provider.

- Expiration dates on Arizona driver licenses are delayed.

- State-wide closures of Arizona schools through Friday, April 10, 2020.

- When school resumes, school administrators should develop and implement precautions to ensure schools are a safe learning environment, including social distancing measures, regular intervals for administrators to wash and sanitize their hands, and guidance on how to properly and frequently sanitize equipment and common surfaces.

- Recommendations to cancel or postpone mass gatherings of 10 or more people.

- Recommend telework and other alternatives when available.[6]

29.    On March 30, 2020, Governor Douglas A. Ducey entered Executive Order 2020-18, "Stay Home, Stay Healthy, Stay Connected" mandating physical distancing to mitigate COVID-19 transmission.  Under this Executive Order, all individuals in the State of Arizona

---

[6] Coronavirus Home, Arizona Department of Health Services, available at https://www.azdhs.gov/preparedness/epidemiology-disease-control/infectious-disease-epidemiology/index.php#novel-coronavirus-home (last accessed Mar. 22, 2020).

ORIGINAL CLASS ACTION COMPLAINT

shall limit their time away from their place of residence or property, except for limited circumstances.

30.   The Federal Government has also responded to the COVID-19 pandemic in ways that benefit GCU and help GCU cover the costs associated with the disruption.  Specifically, $14 billion of stimulus funds have been set aside to aid institutions of higher education.   On information and belief, the State of Arizona will receive over $400 million for higher education.[7] GCU will receive the largest amount of any for-profit university in the nation, approximately $22.4 million.[8]

31.   The stimulus moneys are designed to help students and Secretary of State Betsy DeVos was quoted, saying "[w]hat's best for students is at the center of every decision we make."[9]  It would be inequitable for GCU to retain the value of these stimulus funds while, at the same time, ceasing to provide services to students and not returning the full, pro-rated amounts that were paid for these services.  While GCU has announced that it is committed to distributing those funds to the students, GCU has admitted that the funds will not be used to reimburse the University for refunds and credits provided to students for housing and food. That makes sense since the CARES funds are intended to be used as emergency cash grants, not as a vehicle for universities to retain money that is not theirs to retain.  Given the unprecedented disruption and financial impact to students and families, these cash grants are necessary for students and families.  Indeed, in most cases, students were not eligible for the $1,200 CARES Act checks many Americans received.  Funds distributed through universities may be the only portion of the

---

[7] How Much Will States Receive Through the Education Stabilization Fund in the CARES Act?  Center on Budget and Policy Priorities (April 3, 2020), https://www.cbpp.org/research/state-budget-and-tax/how-much-will-states-receive-through-the-education-stabilization-fund.

[8] Wissam Melhem, ASU, GCU get largest COVID-19 aid checks in the nation (April 10, 2020), https://www.azmirror.com/2020/04/10/asu-gcu-get-largest-covid-19-aid-checks-in-the-nation/

[9] Rachel Leingang, Arizona universities to receive hundreds of millions of dollars in stimulus, Arizona Republic (April 9, 2020), https://www.azcentral.com/story/news/local/arizona-education/2020/04/09/arizona-colleges-universities-get-millions-cares-act-asu-gets-most-in-us/5125341002/.

unprecedented $2 trillion federal stimulus package that students receive.  The fact that students will receive these taxpayer monies through a federal stimulus plan does not entitle GCU to retain fees that belong to Plaintiff and the other Class members and, indeed, these fees must be disgorged.

32.   In March 2020, GCU, also issued various mandates to students, requiring them to begin taking all classes remotely and, in most cases, not return to campus, including to their University-provided housing, for the remainder of the Spring 2020 semester.

33.   On March 12, 2020, GCU announced that after spring break, all but a few classes on the Phoenix campus will continue in the online-only LoudCloud environment for the remainder of the Spring 2020 semester.  Students are encouraged to return to their homes to complete their coursework online.  In addition, athletic events – including the Western Athletic Conference men's and women's basketball tournaments in Las Vegas and NCAA Division I, club, and intramural sports – have been suspended.  All Spring Fine Arts performances and other co-curricular activities have also been suspended.[10]

34.   On March 16, 2020, GCU announced that commencement ceremonies scheduled for April 30 and May 1 have been postponed until October.[11]

35.   On March 17, 2020, GCU issued further mandates and protocol regarding social distancing for students who remain on campus.  Specifically, GCU canceled all large-group gatherings on campus and closed facilities such as fitness centers, the E-sports facility, commuter lounge, veterans center and other high-risk areas.[12]  On March 18, 2020, GCU updated its COVID-19 protocols, again "remind[ing] students that they are "highly encouraged to return to their homes to finish out the semester in an online learning environment if it is not imperative

---

[10] Letter from Brian Mueller, President, Grand Canyon University (Mar. 12, 2020), https://www.gcu.edu/sites/default/files/2020-03/march12.pdf.

[11] Memorandum from Brian Mueller, President, Grand Canyon University (Mar. 16, 2020) https://www.gcu.edu/sites/default/files/media/documents/march-16.pdf.

[12] Notice to GCU students (Mar. 17, 2020), https://www.gcu.edu/sites/default/files/2020-03/march17.pdf.

that they remain on campus" and announcing closures of additional campus facilities.[13]   On March 20, 2020, GCU again urged students not to return to campus following spring break.[14]

36.     Once again, in anticipation of a state-wide stay-at-home order, on March 21, 2020, GCU again told students to go home:  **"We are asking all students – other than international students who can not travel to their home countries and students who have special circumstances – to leave campus as soon as possible."[15]**  GCU explained that it would not be safe to remain on campus and that if a stay-at-home order issued, students would be restricted to just their rooms, the campus grocery/convenience store and the Health and wellness Clinic.  Further, students remaining on campus should expect a significant cutback of food services beginning on Monday March 23, 2020.[16]

37.     The effect of GCU's COVID-19-related protocols and messaging is that all students have effectively been forced to leave campus, unless they truly had no other safe place to go.  For students who do remain on campus, services are now extremely limited.  Despite this, GCU students have not been granted appropriate refunds of their room and board costs and fees, even though they are no longer able to use the services for which they paid.

38.     While social distancing is recommended by healthcare professionals and even the Centers for Disease Control and Prevention ("CDC"), the resulting impact to the economy—and individual families' wallets—cannot be understated.[17]   Rather than acknowledge the difficult

---

[13] Notice to GCU students (Mar. 18, 2020), https://www.gcu.edu/sites/default/files/media/documents/march-18.pdf.

[14] Notice to GCU students (Mar. 20, 2020), https://www.gcu.edu/sites/default/files/2020-03/march20.pdf.

[15] Notice to GCU students (Mar. 21, 2020), https://www.gcu.edu/sites/default/files/media/documents/march-21.pdf (emphasis in original).

[16] *Id.*

[17] Griselda Zetino, Arizonans now able to apply for unemployment benefits due to virus, KTAR News (Mar. 24, 2020), https://ktar.com/story/3040652/arizonans-now-able-to-apply-for-unemployment-benefits-due-to-coronavirus/ ("the number of people who've applied for unemployment benefits in Arizona has skyrocketed.  Last week, more than 29,000 people applied for unemployment benefits,

financial stresses that COVID-19 has placed on families, GCU students and their families were expected to bear the brunt of the stress.

39.     On March 23, 2020, GCU announced limited credits would be offered to students who moved out of their on-campus housing by March 25, 2020.  The credit amounts range from $260 to $450 depending on dorm location and occupancy.  After all outstanding balances on a student's account has been paid, GCU will mail checks to students.  Students are only eligible for the credit if they move out of their on-campus housing before March 26, 2020 and if they clarify their personal departure plan through the housing portal by end of the day on March 25, 2020.[18]

40.     Providing notice on March 23 that students must move out by March 25 in order to be eligible for the credit did not provide students adequate time to make a meaningful decision regarding their housing arrangements in order to benefit from the housing credits.

41.     GCU also announced that in lieu of providing any refund of meal costs, that for students who are leaving campus but returning in the Fall, any Dining Dollars will roll over to next year.  Graduating students will be refunded the balance of their Dining Dollars at the end of the semester.[19]

42.     The housing credits offered to GCU students are insufficient because they do not return to them the full pro-rated, unused portion of their room and board payment for the semester.

43.     The rollover of Dining Dollars is insufficient because it does not refund the amounts paid now.  For students receiving financial aid, the rollover would require them to carry

according to the Arizona Department of Economic Security.  That's up from a weekly average of 3,500.").

[18] GCU Spring 2020 Housing Credit Policy, https://www.gcu.edu/sites/default/files/media/documents/gcu-spring2020-housing-credit-policy.pdf.

[19] Grand Canyon University, Updates on the Coronavirus Disease (COVID-19), Frequently Asked Questions\Students And Coursework\Will I be refunded any room and board fees?, https://www.gcu.edu/coronavirus-disease-2019-information.

ORIGINAL CLASS ACTION COMPLAINT

debt that they should not have to carry and might adversely affect their aid eligibility for the next academic year.  Further, many students may not need the rolled over Dining Dollars, for example, because they will be living off-campus in the Fall and would not have been required to or chosen to purchase a meal plan for Fall.

44.     GCU has not offered or provided students any refund of the miscellaneous fees they paid that were unused or for which they had not received a benefit.

45.     As of April 2, 2020, GCU has said that 90% of its employees are working from home, illustrating the near total shutdown of campus.[20]

46.     GCU has retained the value of monies paid by Plaintiff and the other Class members for room and board and other fees, while failing to provide the services for which those fees were paid.  Even if GCU has a legal right to cancel the housing and meal contracts and to cease providing services, it does not have the right to retain the moneys families paid for those services.  The inequity is further highlighted by the fact that GCU will be receiving millions of dollars in aid to help cover the costs associated with this disruption.

47.     Class members have demanded the return of the unused amounts of monies paid for room and board and fees, through a number of channels, including through online forums.[21]

48.     In addition, families have contacted GCU directly and/or left comments on online forums requesting refunds, all to no avail.

49.     Despite these demands GCU has stood by its policy of refusing full and proper refunds, without conditions.

50.     Through this lawsuit, Plaintiff seeks—for himself and the other Class members—GCU's disgorgement of the pro-rated, unused portion of fees, proportionate to the amount of time that remained in the Spring 2020 semester when classes moved online and campus services

---

[20] Message from GCU President Mueller, https://www.gcu.edu/sites/default/files/media/documents/president-mueller-message.pdf.

[21] *See, e.g.,* Change.org Petition, Refund Grand Canyon University Students the Unfulfilled Cost of Room and Board, https://www.change.org/p/grand-canyon-university-refund-grand-canyon-university-students-the-unfulfilled-cost-of-room-board.

ORIGINAL CLASS ACTION COMPLAINT

ceased being provided, as well as the return of the pro-rated, unused portion of room and board paid for housing and meals, proportionate to the amount of time that remained in the Spring 2020 semester when students needed to move out of their on-campus housing.  These amounts must be fully disgorged and returned to the families, not provided as credits with limitations on when and how they may be used or when and how they can even be obtained.  Plaintiff seeks return of these amounts on behalf of himself, and the two Classes as defined below.   It is inequitable, unfair, and illegal for GCU to retain these funds.

## V.     CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this case individually and, pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and/or (c)(4) for damages, equitable relief, and disgorgement on behalf of two Classes, defined as:

> All people who paid the costs of room and board for or on behalf of students enrolled in classes at Grand Canyon University for the Spring 2020 semester who moved out of their on-campus housing or stopped going to campus to attend class prior to the completion of that semester because of the GCU's policies and announcements relating to COVID-19 (the "Room and Board Class");
> and
> All people who paid fees for or on behalf of students enrolled in classes at GCU for the Spring 2020 semester (the "Fee Class").

52.     Excluded from the Classes are GCU and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; the judicial officers, and their immediate family members; and Court staff assigned to this case.  Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

53.     This action has been brought and may properly be maintained on behalf of the Classes proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

54.     **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The members of each of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  The precise number of Class members is unknown to Plaintiff, but may be ascertained from GCU's records and, based upon publicly available information, the Room and Board Class is presumed to be not less than 12,000 people and the Fee Class is presumed to be not less than 20,000 people.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

55.     **Commonality—Federal Rule of Civil Procedure 23(a)(2); Predominance— Federal Rule of Civil Procedure 23(b)(3).**  This action involves questions of law and fact common to the Classes, which predominate over any individual questions, including, without limitation:

       a.      Whether GCU engaged in the conduct alleged herein;

       b.      Whether GCU breached its contracts with Plaintiff and the other members of the Room and Board Class who entered into room and board agreements by not refunding them a pro-rated amount of their room and board expenses when a pandemic prevented them (or the students on whose behalf they paid) from continuing to live on or go to campus safely;

       c.      Whether GCU was unjustly enriched by retaining payments of Plaintiff and the other members of the Room and Board Class while they (or the students on whose behalf they paid) moved out of their on-campus housing or stopped going to campus;

       d.      Whether GCU committed conversion by retaining payments of Plaintiff and the other members of the Room and Board Class while they (or the students on whose behalf they paid) moved out of their on-campus housing or stopped going to campus;

e.    Whether GCU breached its contracts with Plaintiff and the other members of the Fee Class by retaining fees without providing the services which the fees were intended to cover;

f.    Whether GCU was unjustly enriched by retaining fees of Plaintiff and the other members of the Fee Class without providing the services that the fees were intended to cover;

g.    Whether GCU committed conversion by retaining fees of Plaintiff and the other members of the Fee Class without providing the services that the fees were intended to cover;

h.    Whether certification of the Room and Board Class and the Fee Class is appropriate under Fed. R. Civ. P. 23;

i.    Whether Plaintiff and members of the Class are entitled to declaratory, equitable, or injunctive relief, damages, and/or other relief; and

j.    The amount and nature of relief to be awarded to Plaintiff and the other Class members.

56.    **Typicality—Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members each paid for certain costs associated with the Spring 2020 semester at GCU but were not provided the services that those costs were meant to cover.  Plaintiff and the other Class members suffered damages—namely, the loss of their fees and monies paid—as a direct and proximate result of the same wrongful conduct in which GCU engaged.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims.

57.    **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action

vigorously.  Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

58.     **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** GCU has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

59.     **Certification of Specific Issues—Federal Rule of Civil Procedure 23(c)(4).**  To the extent a class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

## VI.     <u>CLAIMS ALLEGED</u>

### <u>FIRST CLAIM FOR RELIEF</u>

#### Breach of Contract

#### Plaintiff and the Other Members of the Room and Board Class

60.     Plaintiff repeats and alleges the allegations in Paragraphs 1-59, above, as if fully alleged herein.

61.     Plaintiff brings this claim individually and on behalf of the other members of the Room and Board Class.

62.     Plaintiff and the other members of the Room and Board Class entered into contracts with GCU, which provided that Plaintiff and the other members of the Room and Board Class would pay monies, and, in exchange, GCU would provide housing and a meal plan.

63.     Plaintiff and the other members of the Room and Board Class fulfilled their end of the bargain when they paid the monies due and owing for their room and board for the semester. Plaintiff and the other members of the Room and Board Class were not provided room and board for the entire semester; accordingly, pursuant to the laws of the State of Arizona, under which the contracts are interpreted, Plaintiff and the other members of the Room and Board Class were entitled to an equitable remedy in the event of a breach—here: disgorgement of the unused days of room and board already charged, as well as damages.

64.     GCU retained monies paid by Plaintiff and the other members of the Room and Board Class for their Spring 2020 room and board, without providing them the benefit of their bargain.

65.     GCU should have fully refunded the pro-rated portion of any unused room and board.  Even if performance was excused or impossible, GCU is not permitted to retain the funds received for services that will not be provided.

66.     Plaintiff and the other members of the Room and Board Class have been damaged in that they have been deprived of the value they paid for room and board while GCU retained that value.

67.     This matter arises out of contract, such that Plaintiff and the other members of the Room and Board Class are entitled to the recovery of attorneys' fees pursuant to A.R.S. § 12-341.01.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

### Plaintiff and the Other Members of the Fee Class

68.     Plaintiff repeats and alleges the allegations in Paragraphs 1-59, above, as if fully alleged herein.

69.     Plaintiff brings this claim individually and on behalf of the other members of the Fee Class.

70.     Plaintiff and the other members of the Fee Class entered into contracts with GCU which provided that Plaintiff and the other members of the Fee Class would pay fees for or on behalf of students, and in exchange, GCU would provide services to students.

71.     Plaintiff and the other members of the Fee Class fulfilled their end of the bargain when they paid the fees for the Spring 2020 semester.

72.     GCU breached the contracts when it moved classes online and stopped providing services for which the fees were intended to pay.

73.     Even if performance was excused, GCU cannot retain funds for services it will not provide.

74.     GCU retained monies paid by Plaintiff and the other members of the Fee Class, without providing them the benefit of their bargain.

75.     Plaintiff and the other members of the Fee Class have been damaged in that they have been deprived of the value of the services the fees they paid were intended to cover, while GCU retained those fees.  Plaintiff and the other members of the Fee Class were entitled to an equitable remedy—here: disgorgement of the pro-rated, unused amounts of fees already charged, as well as damages.

76.     This matter arises out of contract, such that Plaintiff and the other members of the Fee Class are entitled to the recovery of attorneys' fees pursuant to A.R.S. § 12-341.01.

### THIRD CLAIM FOR RELIEF

**Unjust Enrichment**

**Plaintiff and the Other Members of the Room and Board Class**

77.     Plaintiff repeats and alleges the allegations in Paragraphs 1-59 above, as if fully alleged herein.

78.     Plaintiff brings this claim individually and on behalf of the other members of the Room and Board Class and in the alternative to the breach of contract claim brought on behalf of Plaintiff and the other members of the Room and Board Class.

79.     GCU has received a benefit at the expense of Plaintiff and the other members of the Room and Board Class to which it is not entitled.  Plaintiff and the other members of the Room and Board Class paid for room and board and did not receive the full benefit of their bargain.

80.     GCU has been unjustly enriched by retaining the monies paid by Plaintiff and the other members of the Room and Board class for housing and meal plans for the semester while not providing the room and board and meals for which those monies paid.  Equity requires GCU

return the full remaining, prorated amounts paid for room and board for the Spring 2020 semester by Plaintiff and the other members of the Room and Board Class for their room and board.

## FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

### Plaintiff and the Other Members of the Fee Class

81.     Plaintiff repeats and alleges the allegations in Paragraphs 1-59, above, as if fully alleged herein.

82.     Plaintiff brings this claim individually and on behalf of the other members of the Fee Class and in the alternative to the breach of contract claim brought on behalf of Plaintiff and the other members of the Fee Class.

83.     GCU has received a benefit at the expense of Plaintiff and the other members of the Fee Class to which it is not entitled.  Plaintiff and the other members of the Fee Class paid fees to GCU and did not receive the full benefit of their bargain.

84.     Plaintiff and the other members of the Fee Class paid fees for or on behalf of students, which were intended to cover services for the Spring 2020 semester. In exchange, students were entitled to receive those services for the entire semester.

85.     GCU moved classes online and stopped providing services the fees were intended to cover.

86.     GCU has retained fees paid by Plaintiff and the other members of the Fee Class, without providing the services for which they paid and, as such, has been enriched.

87.     GCU has been unjustly enriched by retaining the fees paid by Plaintiff and the other members of the Fee Class for the semester while not providing services for which those fees paid. Equity requires GCU to return remaining, prorated the fees paid for the Spring 2020 semester by Plaintiff and the other members of the Fee Class.

# FIFTH CLAIM FOR RELIEF

## Conversion

### Plaintiff and the Other Members of the Room and Board Class

88.     Plaintiff repeats and alleges the allegations in Paragraphs 1-59, above, as if fully alleged herein.

89.     Plaintiff brings this claim individually and on behalf of the other members of the Room and Board Class.

90.     Plaintiff and the other members of the Room and Board Class have a right to the services that were supposed to be provided in exchange for their payments to GCU for room and board.

91.     GCU intentionally interfered with the rights of Plaintiff and the other members of the Room and Board Class when it required students for or on whose behalf Plaintiff and the other members of the Room and Board Class paid the cost of room and board to move out of their on-campus housing, while retaining the monies that they paid for room and board.

92.     GCU deprived Plaintiff and the other members of the Room and Board Class of the value they paid for themselves or the students on whose behalf they paid or of their right to live in on-campus housing and use their meal plans.

93.     Room and Board Class members demanded the return of the pro-rated, unused amounts paid for room and board for the remainder of the Spring 2020 semester.

94.     This interference with the services for which Plaintiff and the other members of the Room and Board Class paid damaged Plaintiff and the other members of the Room and Board Class, in that they paid for room and board for or on behalf of students that will not be provided and, as such, GCU has deprived Plaintiff and the other members of the Room and Board Class of the right to their property, in this case, the amounts paid.

95.     Plaintiff and the other members of the Room and Board Class are entitled to the return of the pro-rated, unused amounts paid for room and board, through the end of the semester.

## SIXTH CLAIM FOR RELIEF

### Conversion

### Plaintiff and the Other Members of the Fee Class

96.     Plaintiff repeats and alleges the allegations in Paragraphs 1-59 above, as if fully alleged herein.

97.     Plaintiff brings this claim individually and on behalf of the other members of the Fee Class.

98.     Plaintiff and the other members of the Fee Class have a right to the services that were supposed to be provided in exchange for their payments of fees to GCU.

99.     GCU intentionally interfered with the rights of Plaintiff and the other members of the Fee Class when it moved all classes to an online learning format and discontinued services for which the fees were intended to pay, while retaining the fees paid by Plaintiff and the other members of the Fee Class.

100.    Fee Class members demanded the return of the pro-rated, unused fees for the remainder of the Spring 2020 semester.

101.    GCU's retention of the fees paid by Plaintiff and the other members of the Fee Class without providing the services for which they paid, deprived Plaintiff and the other members of the Fee Class of the benefits for which the fees paid.

102.    This interference with the services for which Plaintiff and the other members of the Fee Class paid damaged Plaintiff and the other members of the Fee Class in that they paid fees for services that will not be provided.

103.    Plaintiff and the other members of the Fee Class are entitled to the return of pro-rated, unused portion of the fees paid, through the end of the semester.

### VII.    REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in his favor and against GCU as follows:

ORIGINAL CLASS ACTION COMPLAINT

a.       Certifying the Classes as requested herein, designating Plaintiff as class representatives, and appointing the undersigned counsel as Class Counsel;

b.       Declaring that GCU is financially responsible for notifying the Class members of the pendency of this suit;

c.       Declaring that GCU has wrongfully kept the monies paid for room and board and fees;

d.       Awarding injunctive relief as permitted by law or equity, including enjoining GCU from retaining the pro-rated, unused portion of monies paid for room and board and fees;

e.       Awarding damages as permitted by law, including the prorated unused amounts of room and board and fees;

f.       Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

g.       Awarding pre- and post-judgment interest on any amounts awarded; and

h.       Awarding such other and further relief as may be just and proper.

## VIII.   <u>JURY TRIAL DEMANDED</u>

Plaintiff demands a trial by jury on all causes of action so triable.

Dated:  April 24, 2020

/s/ Robert D. Ryan
Robert D. Ryan – 014639
**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona 85003
Tel.:  602-256-2333
rob@robertdryan.com

Adam J. Levitt*
Amy E. Keller*
Laura E. Reasons*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com

ORIGINAL CLASS ACTION COMPLAINT

akeller@dicellolevitt.com
lreasons@dicellolevitt.com

Matthew S. Miller*
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel.:  312-741-1085
mmiller@msmillerlaw.com

*Pro Hac Vice* Admission Pending

*Counsel for Plaintiff and the Proposed Classes*

ORIGINAL CLASS ACTION COMPLAINT