**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carson Little, | No. CV-20-00795-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Grand Canyon University, | |
| Defendant. | |

Pending before the Court is Plaintiff Carson Little's Motion for Class Certification and Appointment of Class Representative and Class Counsel. (Doc. 29.) Defendant Grand Canyon University ("GCU") filed a response, (Doc. 46), and Plaintiff replied, (Doc. 29.) Although Plaintiff requested oral argument, the Court declines to hold oral argument finding that it is unnecessary. *See* LRCiv 7.2(f). After considering the pleadings and applicable law, the Court now denies Plaintiff's motion.

**I.    BACKGROUND**

On April 24, 2020, Plaintiff filed a class action complaint against GCU alleging that the university failed to provide proper refunds of housing expenses, meal plans, and student fees after GCU sent students home in response to the COVID-19 pandemic during the Spring 2020 semester. (*See generally* Doc. 1.) Plaintiff's complaint sought to bring claims on behalf of two classes: (1) those who paid room and board fees to GCU and (2) those who paid fees during the Spring 2020 semester. (Doc. 1 ¶ 51.) The complaint brought claims for breach of contract, unjust enrichment, and conversion. (Doc. 1 ¶¶ 60–103.) On

January 29, 2021, the Court ruled on Defendant's Motion to Dismiss Plaintiff's complaint. (Doc. 40.) In its ruling, the Court allowed Plaintiff's breach of contract and unjust enrichment claims to proceed while dismissing the conversion claim. The basic factual allegations in Plaintiff's complaint are as follows.[1]

Plaintiff is a GCU student who paid the cost of room and board and fees for the Spring 2020 semester. (Doc. 1 ¶ 9.) While Plaintiff lists in his complaint fees which students pay, he did not specify which ones he paid for the 2019–2020 academic year. (*Id*. ¶ 21.) Further, although the complaint lists housing and meal plan costs, he does not specify how much he paid in housing costs. (*Id*. ¶¶ 19–20.) Students at GCU moved into on-campus housing for the Spring 2020 semester on or around January 4 and 5, 2020. (*Id*. ¶ 16.) Prior to the COVID-19 outbreak, non-graduating students were required to move out of campus housing by April 23, 2020. (*Id*.) Graduating students were required to move out by April 25, 2020. (*Id*.) However, on or around March 12, 2020, GCU announced that due to the COVID-19 pandemic, all but a few classes would be moved online for the remainder of the Spring 2020 semester. (*Id*. ¶ 2, 33.) At that time, GCU encouraged students to return to their homes and complete their coursework online. (*Id*. ¶ 33.) On March 21, 2020, GCU told students, "We are asking all students – other than international students who can not travel to their home countries and students who have special circumstances – to leave campus as soon as possible." (*Id*. ¶ 36.) The communication also stated that if students did stay, they would be restricted to their rooms, the campus grocery/convenience store, and the health and wellness clinic. (*Id*.) It also stated that students who remained on campus could expect a significant cutback of food services beginning on March 23, 2020. (*Id*. ¶ 36.) On March 23, 2020, GCU announced that limited credits would be offered to students who moved out of their on-campus housing by March 25, 2020, with credits ranging from $260-$450 based on dorm location and occupancy. (*Id*. ¶ 39.) Plaintiff alleges that the credits offered by GCU are insufficient because they are not the full-prorated, unused

---

[1] For a more robust recitation of the factual allegations in Plaintiff's complaint, please refer to the Court's order granting in part and denying in part Defendant's Motion to Dismiss. (Doc. 40.)

portion of students' room and board payments. (*Id.* ¶ 42.) GCU also announced that, in lieu of providing refunds for meal plans, any "Dining Dollars" left in students' accounts would roll over to the next semester. (*Id.* ¶ 41.) Graduating students would have their balance of the Dining Dollars refunded at the end of the semester. (*Id.*) Plaintiff alleges that the rollover plan for the Dining Dollars was insufficient. (*Id.* ¶ 43.) GCU did not provide or offer students any refund of miscellaneous fees they paid for the Spring 2020 semester. (*Id.* ¶ 44.) Despite complaints and demands by students and parents, GCU stood by its policy of refusing refunds. (*Id.* ¶ 49.) Plaintiff left campus on March 13, 2020 and did not return to campus, in accordance with GCU's policies. (*Id.* ¶ 9.)

Plaintiff seeks the "disgorgement" of the pro-rated amount of monies paid for fees, room and board, and meal plans from GCU and seeks relief on behalf of the two classes. (*Id.* ¶¶ 50-51.) Plaintiff offers the following definitions of the classes that he seeks to certify:

> All people who paid the costs of room and board for or on behalf of students enrolled in classes at Grand Canyon University for the Spring 2020 semester who moved out of their on-campus housing or stopped going to campus to attend class prior to the completion of that semester because of the GCU's policies and announcements relating to COVID-19 (the "Room and Board Class").
>
> and
>
> All people who paid fees for or on behalf of students enrolled in classes at GCU for the Spring 2020 semester (the "Fee Class").

(Doc. 29 at 6.)

## II.   DISCUSSION

Plaintiff argues that he can meet all of the requirements of Rule 23(a) and Rule 23(b)(3). Alternatively, Plaintiff contends that the class satisfies Rule 23(b)(2) and 23(c)(4). (*See generally* Doc. 29.) Defendants, in their response, argue that Plaintiff has failed to prove that the classes are definite and ascertainable, that Plaintiff himself is not a member of the classes, that the proposed classes are overbroad, and that the classes constitute fail-safe classes. (*See generally* Doc. 46.)

### A. Definite and Ascertainable

Defendant first argues that the proposed class is not definite and ascertainable. Specifically, Defendants contends that "[o]ne requirement is to prove it is 'administratively feasible for the Court to determine whether a particular individual is a member of the proposed class.'" (Doc. 46 at 2) (quoting *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999).) Defendants, however, are misguided on the law. The Ninth Circuit has expressly held "the language of Rule 23 does not impose a freestanding administrative feasibility prerequisite to class certification." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1126-27 (9th Cir. 2017) (expressly rejecting the Third Circuit's requirement of demonstrating administrative feasibility as a prerequisite to class certification). Therefore, the Court will not impose this requirement on Plaintiff, and the Court rejects Defendant's opposition to class certification on this ground.

### B. Plaintiff's Membership in Class

Defendants next argue that Plaintiff himself is not a member of the proposed class. In making this argument, Defendants point out that Plaintiff's room and board and other fees that were not covered by scholarship were paid for by his parents. (Doc. 46 at 4-5.) A class representative must be part of the class and possess the same interest and suffer the same injury as the class members. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011). Indeed, under the current class definitions, Plaintiff is not a member of the proposed class. Plaintiff is willing to concede that the class should be comprised of only students. (Doc. 53 at 6.) Therefore, Plaintiff cannot proceed as class representative unless the class definitions are amended.

### C. Overbroad

Defendants next contend that the class is overbroad. That is, they argue that the class as defined is so broad as to include persons who could not have been harmed by Defendant's allegedly unlawful conduct. Defendant points out that the class, as currently proposed, includes employees, parents, friends, relatives, or anyone else who potentially paid for tuition on behalf of a student. Such third parties, unlike students, have not entered

into contracts with GCU. Pursuant to Rule 23, "the court's task at certification is to ensure that the class is not defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016) (citing Newberg on Class Actions § 2:3) (internal quotation marks omitted). Indeed, courts have "routinely" recognized that parents lack standing to bring claims against their children's colleges and universities once students reach the age of majority, even when those parents are paying the tuition. *See, e.g., Lindner v. Occidental Coll.*, No. CV 20-8481-JFW(RAOX), 2020 WL 7350212, at *5 (C.D. Cal. Dec. 11, 2020). Indeed, family friends, employers, or anyone else who paid tuition on behalf of GCU students would not have standing to sue the university because only the students and the university were parties to the contract. Thus, the class definition is overbroad in that the definition includes numerous individuals who lack standing to sue.

Plaintiff asks that the Court certify a class of students in the event that the Court rejects the inclusion of individuals who paid for housing costs and fees on behalf of students. (Doc. 53 at 4, 6.) However, Plaintiff does not propose an alternative definition for its class. Plaintiff argues that courts are empowered to narrow class definitions on their own, (Doc. 53 at 4-5) (citing *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 526 (S.D. Cal. 2020), *reconsideration denied*, No. 15CV2320 JM (AHG), 2020 WL 8225732 (S.D. Cal. Dec. 29, 2020); *Abdelijalil v. General Elec. Capital Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015)), and asks this Court to craft a new class definition. However, in each of those cases, it was the Plaintiff who proposed the new definition in his/her motion for class certification. By proposing the narrower class definition in the motion for class certification, the Defendant was able to respond, and the Court conduct the analysis. Here Plaintiff proposed the same class definition as in the Complaint and made no attempt to narrow the definition until he realized that he was not a member of the class as proposed. The Court declines to craft new definitions on its own without proposed alternative definitions from Plaintiff. In light of the Court's determination that Plaintiff is not a member of the proposed classes and that

the current class definition is overbroad, the parties' remaining arguments are moot, and the Court need not examine them.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion for Class Certification and Appointment of Class Representative and Class Counsel without prejudice. (Doc. 29.)

Dated this 20th day of September, 2021.

Honorable Susan M. Brnovich
United States District Judge