**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carson Little, | No. CV-20-00795-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Grand Canyon University, | |
| Defendant. | |

Pending before the Court is Plaintiffs Seth Hannibal-Fisher and David Tran's Motion to Consolidate Cases.[1] (Doc. 84.) Plaintiff Carson Little filed a Response opposing consolidation. (Doc. 88.) Defendant Grand Canyon University ("GCU") filed a Response in which it also opposed consolidation. (Doc. 90.) Plaintiffs Hannibal-Fisher and Tran replied. (Doc. 94.) None of the parties requested oral argument. The Court has reviewed the pleadings and relevant law and will deny Plaintiffs Hannibal-Fisher and Tran's Motion to Consolidate for the reasons explained below.

**I.    BACKGROUND**

Plaintiff Little initially filed his case before this Court on April 24, 2020, seeking a partial refund for the costs of room and board and fees for the Spring 2020 COVID-19-interupted semester at GCU. (Doc. 1.) On January 28, 2022, the Court granted in part Plaintiff Little's Amended Motion for Class Certification. (Doc. 72.) The Order certified

---

[1] Plaintiffs Hannibal-Fisher and Tran are the Plaintiffs in a separate, but related, class action against Defendant that is also pending before this Court. *See Hannibal-Fisher, et al. v. Grand Canyon University*, No. 20-CV-01007-SMB (D. Ariz.).

Plaintiff Little's class for a claim of breach of contract for GCU's refusal to refund partial costs of room and board and partial costs of fees for the Spring 2020 semester, (*see* Doc. 72 at 14), but denied certification for Plaintiff Little's unjust enrichment claims, (*id.*). The Court certified the following class: "All students enrolled in on-campus classes at Grand Canyon University for the Spring of 2020 semester who were charged and paid fees for services, facilities, resources, activities, and/or events that were not provided, in whole or in part, during the Spring 2020 semester." (*Id.* at 8–9.)

Plaintiffs Hannibal-Fisher and Tran also brought their action seeking to represent a class related to GCU's campus-closure as a result of the COVID-19 pandemic during Spring 2020 semester. Unlike in the *Little* action, Plaintiffs Hannibal-Fisher and Tran brought a claim for breach of contract for GCU's failure to disperse partial refunds for tuition in addition to bringing a claim for breach of contract for GCU's failure to grant a partial refund for housing costs and fees. They also brought claims for unjust enrichment, money had and received, conversion, and accounting. (*See Hannibal-Fisher, et al. v. Grand Canyon University*, No. 2:20-CV-1007-SMB, Doc. 42.) Plaintiffs initially filed their case on May 22, 2020. (Doc. 1.) GCU filed a motion to dismiss, and on March 5, 2021, the Court granted in part and denied in part GCU's motion. (Doc. 42.) The Court allowed Plaintiff Hannibal-Fisher and Tran's claims for breach of contract for housing costs and fees for the Spring 2020 semester, unjust enrichment claims, and money had and received claim to proceed, and dismissed Plaintiffs' claims for breach of contract for tuition, conversion, and accounting. (*Id.* at 16–17.) Plaintiffs Hannibal-Fisher and Tran have yet to seek class certification from this Court. They now seek to consolidate their case with the *Little* action. (Doc. 84.) Plaintiff Little and GCU both oppose consolidation. (*See* Docs. 88, 90.)

**II.   LEGAL STANDARD**

"If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P.

42(a). A district court has "broad discretion" to consolidate complaints pending in the same district. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016) (quoting *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Khalafala v. Miller*, No. CV-10-1259-PHX-ROS, 2011 WL 1808031, at *1 (D. Ariz. May 12, 2011) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010)).

**III.  DISCUSSION**

### A. Motion to Consolidate

Plaintiffs Hannibal-Fisher and Tran argue that the two cases before this Court, while not identical, are similar enough to warrant consolidation. (Doc. 84 at 6.) They argue that the claims for unjust enrichment of tuition arise from the same transaction or series of transactions as the room and board and fees claims. (*Id.*) Furthermore, they argue that the two cases arise from GCU's response to the COVID-19 pandemic, the closure of its campus, and its shift to online learning and services. (*Id.* at 7–8.) They also point out that in both cases, the Plaintiffs seek to represent classes of students, albeit in different ways. (*Id.* at 8.) They contend that consolidation will promote judicial efficiency and protect the potential classes. (*Id.*) Plaintiffs Hannibal-Fisher and Tran also argue that "[a]ny remaining discovery can be conducted in tandem, and common issues and defenses can be adjudicated simultaneously, avoiding duplicative briefing and testimony, limiting the burden on the Court and witnesses." (*Id.* at 8–9.) Plaintiffs Hannibal-Fisher and Tran state that they are willing to expedite their motion for class certification to accommodate any concern of delay. (*Id.* at 9.) Notably, Plaintiffs Hannibal-Fisher and Tran also "made clear to GCU that they do not intend to pursue the claims already certified in *Little* through the instant suit, either on a class basis or individually (unless Plaintiffs properly opt out of the *Little* class)." (*Id.* at 6.)

Plaintiff Little opposes consolidation, noting that Plaintiffs Hannibal-Fisher and

Tran now move for consolidation after two years of litigating separately. (Doc. 88 at 2.) Plaintiff Little points out that Plaintiffs Hannibal-Fisher and Tran admitted that they do not plan to pursue claims already certified in the *Little* case, and "[w]ith that admission, and the dismissal order entered on March 5, 2021, Movants effort at a class action has been whittled down to unjust enrichment claims concerning tuition, and there are no such claims in the *Little* case." (*Id.* at 3.) With prospect of their entire suit being dismissed, Plaintiff Little claims that the Hannibal-Fisher and Tran Plaintiffs now "desperately seek to glom onto the far stronger Little action to save themselves." (*Id.*) Because they are pursuing differing claims, Plaintiff Little contends that the cases involve different factual and legal questions, making consolidation inappropriate. (*Id.* at 4.) He also argues that there is no risk of inconsistent adjudications if the cases remain separate because the two sets of Plaintiffs seek different claims for different conduct. (*Id.*) Plaintiff Little also argues that courts have repeatedly refused to consolidate cases that were in different stages of discovery, and that, unlike in *Little*, Plaintiffs Hannibal-Fisher and Tran have yet to seek class certification or proceed past written discovery. (*Id.* at 5 (citing *Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2018 WL 4257936, at *5 (D. Ariz. Sept. 6, 2018)). Thus, Plaintiff Little argues, consolidation will delay its case. (*Id.*)

GCU contends that consolidation is inappropriate because the resulting litigation would be more costly, inefficient, and prejudicial to Plaintiff Little and GCU. (Doc. 90 at 12.) GCU argues that the *Hannibal-Fisher* action is duplicative of *Little*—the earlier filed and certified action—and that the first-to-file rule empowers the Court to dismiss the case rather than consolidate it. (*Id.* at 6.) GCU also argues that consolidation is inappropriate under the claims splitting doctrine. (*Id.* at 8.)

Here, the Court finds that consolidation is inappropriate. With Plaintiffs Hannibal-Fisher and Tran no longer pursuing claims that have been certified in *Little*, their only remaining claims are for unjust enrichment and money had and received, (Doc. 42 at 16), and as the Court explained when ruling on Plaintiff Little's Motion for Class Certification, unjust enrichment claims are unsuitable for class certification, (*see* Doc. 72 at 13 ("The

individual analysis that the court must perform before granting relief on such a claim makes it unsuitable for class certification.")). It is unclear whether a money had and received claim—which is also an equitable claim—could be certified. Thus, it is unclear whether Plaintiffs Hannibal-Fisher and Tran will be able to certify their class. Additionally, there no longer strong similarities of law and to justify consolidating the two cases. Plaintiffs Hannibal-Fisher and Tran are now exclusively pursuing distinct claims and for different conduct from that of Plaintiff Little. The unjust enrichment claim for tuition will have little bearing on Plaintiff Little's claims, which are for breach of contract related to room and board and fees, and Plaintiff Little is not pursuing a money had and received claim. Thus, combining the cases is unlikely to increase efficiency. Discovery in the two cases is likely to focus on different facts, and trial and summary judgment are likely to raise differing legal issues. Thus, the Court finds that the cases do not involve common issues of law and fact that would warrant consolidation.

Even if the cases did contain substantially similar issues of law and fact warranting consolidation, the cases are at different stages in litigation, and combining the cases is likely to delay the *Little* case. Denial of consolidation is appropriate where cases are at different stages in litigation. *See Dishon*, 2018 WL 4257936, at *5 (denying motion to consolidate where two actions were at different stages of litigation); *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV-11-02112-PHX-DGC, 2012 WL 6554396, at *8 (D. Ariz. Dec. 14, 2012) (same). While Plaintiffs Hannibal-Fisher and Tran have yet to even seek certification as of the writing of this Order—and likely face significant hurdles when and if they do so—Plaintiff Little has already obtained certification of its class and is well into discovery. Thus, even if common issues of law and fact warranted consolidation, the cases are at differing stages, which weighs against consolidating the actions. Therefore, the Court will deny the Motion to Consolidate.

**B. GCU's Request for Dismissal**

GCU also used its Response to Plaintiffs Hannibal-Fisher and Tran's Motion to Consolidate as an opportunity to seek dismissal of Plaintiffs Hannibal-Fisher and Tran's

entire case.  (*See, e.g.*, Doc. 90 at 3.)  The Court refuses to entertain this request.

"[I]t is procedurally improper to include a request for affirmative relief in a response brief."  *Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 226078, at *1 (W.D. Wash. Jan. 26, 2022); *see also Travelers Indem. Co. of Am. v. Dodson-Duus, LLC*, No. C12-5625 BHS, 2013 WL 4498694, at *3 (W.D. Wash. Aug. 21, 2013) ("Defendants' motion seeks dispositive relief, which the Court declines to consider in a responsive brief or as a motion to strike.").  A response brief to a motion to consolidate is not the proper vehicle to bring a dispositive motion.  GCU must bring a separate, dispositive motion in order for the Court to consider dismissal.  Thus, the Court will not consider GCU's arguments regarding dismissal in this Order.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiffs Hannibal-Fisher and Tran's Motion to Consolidate. (Doc. 84.)

Dated this 1st day of August, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge