Adam J. Levitt*
Laura E. Reasons*
Peter C. Soldato*
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com

Matthew S. Miller*
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel.: 312-741-1085
mmiller@msmillerlaw.com

Robert D. Ryan – 014639
**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona 85003
Tel.: 602-256-2333
rob@robertdryan.com

* *Pro Hac Vice*

*Counsel for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carson Little, individually and on behalf of all similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Grand Canyon University,<br><br>*Defendant*. | No. 2:20-cv-00795-SMB<br><br>*The Honorable Susan M. Brnovich*<br><br>**PLAINTIFF'S MOTION IN LIMINE REGARDING SOURCE OF STUDENT PAYMENTS AND UNRELATED CARES ACT DISBURSEMENTS BY DEFENDANT GCU** |

Plaintiff Carson Little ("Plaintiff"), individually and on behalf of the Class, moves this Honorable Court for an order excluding Defendant Grand Canyon University ("GCU") from offering at trial evidence, testimony, or argument regarding payments to students from GCU and others that are irrelevant to the issues in this case. [1]

## FACTUAL BACKGROUND

Plaintiff's motion encompasses two different types of payments to students that are irrelevant to the issues in this case.

*First*, this motion includes funds received by students from parents, student loans, or scholarships, which were thereafter used by a student to pay GCU-mandated fees. GCU argued in its motion to dismiss, for instance, that because Plaintiff's parents paid for his room and board, fees, and textbooks, he had not established a particularized and concrete injury to give him standing to represent the Class. (Doc. 60 at 11.) Plaintiff therefore expects GCU to argue at trial that, if a student paid the Student Activity Fee or Health Fee with funds received from parents, student loans, or scholarships, that student is not entitled to damages or return of consideration.

*Second*, this motion also includes funds provided to students through the CARES Act. The CARES Act, which established and funded the Higher Education Emergency Relief Fund (HEERF), directed institutions of higher education (including GCU) to use no less than 50 percent of federal funds received to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to coronavirus. (Doc. 14-5 at p. 2). GCU, like other institutions of higher learning, could not use this portion of CARES Act funds to reimburse itself for any costs or expenses, including any refunds or other benefits that it had previously issued to students. (Doc. 14-5 at p. 2). CARES Act funds were provided to students for expenses related to the disruption of campus operations due to coronavirus (including eligible expenses under a student's cost of attendance, such as food, housing, course materials, technology, health care, and

---

[1] Before filing this motion the undersigned counsel met and conferred with Counsel for Defendant to discuss and identify disputed evidentiary issues that are the subject of this motion.

childcare).  (*See* Exhibit 1 to Soldato Declaration at p. 3, attached hereto.)  GCU admits in this case that students were not provided return of consideration, restitution, or refunds for Student Activity Fee or Health Fee amounts paid. [*See* Doc. 136-1 at p. 3 (Soldato Dec. ¶ 8) and at p. 57-59 (Ex. 7, West 30(b)(6) Dep. at 211:8-214:16).]

## ARGUMENT

### A. Legal Standard

Federal Rule of Evidence ("FRE") 401 provides: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Irrelevant evidence is not admissible. FRE 402.  The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FRE 403.

### B. Underlying Source of Student Payments is Irrelevant to the Contract Claims Herein

In its Order regarding GCU's motion to dismiss, the Court held that the issue of who paid student fees is irrelevant to the contract claims in this case: "[w]hile Plaintiff's parents paid his fees and costs, he is ultimately the individual who had a contract with GCU…It does not matter how he procured the money to pay his obligations to GCU, it was ultimately his obligation…It is irrelevant if Plaintiff got the money from his parents, a student loan, or a scholarship." (Doc. 72 at 6.)

The analysis is the same for purposes of trial.  Individual class members were subject to the contracts at issue and were personally liable for monetary obligations under the contract, regardless of whether the students paid those fees with their own money, or from another source.  Thus, the source of each students' fee amounts is irrelevant in determining the action. FRE 401. Irrelevant evidence and argument regarding the source of funds should be excluded under FRE 402.  Further, for GCU to suggest or infer that the source of student payments has any bearing on the contract claims or damages would

3

needlessly complicate the issues and confuse the jury. Such confusion and prejudice would substantially outweigh any alleged relevance, necessitating exclusion under FRE 403.

### C. CARES Act Payments from GCU to Students are Irrelevant and Prejudicial

The fact that GCU distributed federal CARES Act stimulus funds to GCU students does not relieve GCU of its obligation to return to the students the money that they paid for services not received. The federal stimulus funds were taxpayer money, intended as aid for students who, having been forced off campus and asked to transition to remote learning, found themselves with unexpected expenses and hardships related to new living situations and new materials required to meet the demand of remote learning. Even with those funds having been transmitted to the students, GCU still owes its students return of consideration. Given that GCU has admitted that it did not refund Student Activity or Health Fees, it should not be allowed to misleadingly suggest that taxpayer money that it received from the federal government, and was required to thereafter disburse to students, constituted a return of consideration.

As evidence and argument related to CARES Act payments to students is completely irrelevant to liability and/or damages, it should be excluded under FRE 402. It should also be excluded under FRE 403, as the confusion and prejudice caused thereby would substantially outweigh any alleged minimal relevance.

### D. Proposed Language for Court's Order

Plaintiff proposes the following language for use in an order regarding this motion:

*"All Parties are prohibited from introducing evidence, testimony, or argument regarding the source of funds that students used to pay fee amounts to Grand Canyon University; or federal government funds provided by Grand Canyon University to students under the CARES Act."*

### CONCLUSION

Plaintiff asks that his motion herein be granted.

//
//
//
//
//
//

4

| | |
|---|---|
| DATED:  September 22, 2023 | */s/ Peter C. Soldato*<br>Adam J. Levitt\*<br>Laura E. Reasons\*<br>Peter C. Soldato\*<br>**DiCELLO LEVITT LLP**<br>Ten North Dearborn Street, Sixth Floor<br>Chicago, Illinois 60602<br>Tel.:  312-214-7900<br>alevitt@dicellolevitt.com<br>lreasons@dicellolevitt.com<br>psoldato@dicellolevitt.com<br><br>Robert D. Ryan – 014639<br>**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**<br>343 West Roosevelt Street, Suite 220<br>Phoenix, Arizona 85003<br>Tel.:  602-256-2333<br>rob@robertdryan.com<br><br>Matthew S. Miller\*<br>**MATTHEW S. MILLER LLC**<br>77 West Wacker Drive, Suite 4500<br>Chicago, Illinois 60601<br>Tel: (312) 741-1085<br>Email: mmiller@msmillerlaw.com<br><br>\**Pro Hac Vice*<br><br>**Counsel for Plaintiff and the Class** |

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, I electronically transmitted the attached document to the Clerk of the Court utilizing the CM/ECF System, causing the attached document and Notice of Electronic Filing to be sent to the following, who are registered participants of the CM/ECF System:

SEAN P. HEALY, SB #018393
Sean.Healy@lewisbrisbois.com
KATHRYN HONECKER, SB #020849
Kathryn.Honecker@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012
Telephone: 602-385-1040

JON P. KARDASSAKIS
Jon.Kardassakis@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213-250-1800

*Counsel for Defendant*

/s/ Peter C. Soldato