Adam J. Levitt*
Laura E. Reasons*
Peter C. Soldato*
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com

Matthew S. Miller*
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel.: 312-741-1085
mmiller@msmillerlaw.com

Robert D. Ryan – 014639
**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona 85003
Tel.: 602-256-2333
rob@robertdryan.com

* *Pro Hac Vice*

*Counsel for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carson Little, individually and on behalf of all similarly situated,<br><br>      *Plaintiff*,<br><br>  v.<br><br>Grand Canyon University,<br><br>      *Defendant*. | No. 2:20-cv-00795-SMB<br><br>*The Honorable Susan M. Brnovich*<br><br>**PLAINTIFF'S MOTION IN LIMINE REGARDING DEFENSE OF IMPOSSIBILITY** |

Plaintiff Carson Little ("Plaintiff"), individually and on behalf of the Class, moves this Honorable Court for an order prohibiting Defendant Grand Canyon University ("GCU") from offering at trial evidence, testimony, or argument related to GCU's defense(s) of impossibility or impracticability.[1]  Specifically, Plaintiff asks that the Court prohibit GCU from eliciting evidence or testimony, or otherwise arguing or suggesting, that impossibility or impracticability is a defense (even as to damages and/or restitution).

## FACTUAL BACKGROUND

GCU has argued in pre-trial motions that it is completely resolved of responsibility to Plaintiff Little and the Class because performance under the contracts was impossible or impracticable (*i.e.*, it could not provide what was contracted for, because of the COVID-19 pandemic and/or related orders or mandates).  (*See, e.g.,* Doc. 130 at p. 18.)  Plaintiff expects GCU to pursue this same tactic at trial.  Plaintiff Little, however, has never argued that specific performance should be required of GCU and does not intend to do so at trial.  Plaintiff intends simply to argue that, even if GCU's performance was excused due to impossibility, Plaintiff and Class Members are still entitled to return of consideration. *See* Doc. 1, ¶ 5 ("GCU's decision to transition to online classes and to instruct students to leave campus were responsible decisions to make, but it is unfair and unlawful for GCU to retain fees and costs and to pass the losses on to the students and their families.")

## ARGUMENT

### A. Legal Standard

Federal Rule of Evidence ("FRE") 401 provides: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Irrelevant evidence is not admissible. FRE 402.  The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

---

[1] Before filing this motion the undersigned counsel met and conferred with Counsel for Defendant to discuss and identify disputed evidentiary issues that are the subject of this motion.

2

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FRE 403.

### B. Impossibility/Impracticability Does Not Legally Excuse GCU's Failure to Return Consideration

Case law distinguishes between specific performance (which may be rendered impossible or impracticable) and return of consideration. *E.g.*, *Macy v. W. Imperial 2000, L.L.C.*, No. CV-06-1553PHXPGR, 2007 WL 2410344, at *3 (D. Ariz. Aug. 21, 2007) ("defendant no longer has viable specific performance counterclaim because sale of parcel to a non-party has made specific performance of the contract impossible."); *Arredondo v. Univ. of La Verne*, 618 F. Supp. 3d 937, 948 (C.D. Cal. 2022) (Plaintiff can recover damages even where performance under contract was impossible); *Hebrank v. LinMar IV, LLC*, No. 3:13-CV-2181-GPC-JMA, 2014 WL 3797942, at *4 (S.D. Cal. July 29, 2014) ("[A] party may not generally rely on an impossibility defense to justify its failure to make payments, as making payments is not objectively impossible or impracticable.")

This Court has also already confirmed that the issue whether GCU was required to perform under the contract is irrelevant to whether GCU was excused from returning consideration paid: in ruling on GCU's motion for summary judgment, this Court held that "even if GCU can prove that the defense [of impossibility] applies to this case, the Restatement recognizes that it is generally appropriate to allow a party who has performed to seek restitution" and that "[w]hile COVID-19 may have justified GCU's non-performance, i.e. not providing all services covered by the fees, Plaintiff and the Other Fees Class may seek whatever restitution is deemed appropriate." (Doc. 150 at p. 10-1.)

### C. GCU's Argument that Impossibility/Impracticability Excuses Return of Consideration is Confusing and Unduly Prejudicial

Allowing GCU to argue or suggest that impossibility of performance would excuse restitution or damages would be a misstatement of the law. For that reason, such argument would be irrelevant under FRE 402 as it is of no consequence in determining this action. It would also be confusing, unduly prejudicial, and misleading to the jury. Any suggestion

3

that impossibility of performance would excuse restitution or damages should therefore be excluded under FRE 403.

### D. Proposed Language for Court's Order

Plaintiff proposes the following language for use in an order regarding this motion:

*"All Parties are prohibited from suggesting, through evidence, testimony, or argument, that impossibility, impracticability, or frustration of performance is a defense such that, if performance under a contract is excused, the non-performing party is also excused from payment of damages, restitution, or return of consideration, if such amounts are proven."*

## CONCLUSION

Plaintiff asks that his motion herein be granted.

DATED:  September 22, 2023

/s/ Peter C. Soldato
Adam J. Levitt*
Laura E. Reasons*
Peter C. Soldato*
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel.:  312-214-7900
alevitt@dicellolevitt.com
lreasons@dicellolevitt.com
psoldato@dicellolevitt.com

Robert D. Ryan – 014639
**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona 85003
Tel.:  602-256-2333
rob@robertdryan.com

Matthew S. Miller*
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel: (312) 741-1085
Email: mmiller@msmillerlaw.com

*Pro Hac Vice

**Counsel for Plaintiff and the Class**

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2023, I electronically transmitted the attached document to the Clerk of the Court utilizing the CM/ECF System, causing the attached document and Notice of Electronic Filing to be sent to the following, who are registered participants of the CM/ECF System:

>SEAN P. HEALY, SB #018393
>Sean.Healy@lewisbrisbois.com
>KATHRYN HONECKER, SB #020849
>Kathryn.Honecker@lewisbrisbois.com
>**LEWIS BRISBOIS BISGAARD & SMITH LLP**
>Phoenix Plaza Tower II
>2929 North Central Avenue, Suite 1700
>Phoenix, Arizona  85012
>Telephone:  602-385-1040
>
>JON P. KARDASSAKIS
>Jon.Kardassakis@lewisbrisbois.com
>**LEWIS BRISBOIS BISGAARD & SMITH LLP**
>633 West 5th Street, Suite 4000
>Los Angeles, California  90071
>Telephone:  213-250-1800
>
>*Counsel for Defendant*

>/s/ Peter C. Soldato
>Peter C. Soldato