Adam J. Levitt*
Laura E. Reasons*
Peter C. Soldato*
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel.: 312-214-7900
alevitt@dicellolevitt.com
psoldato@dicellolevitt.com
lreasons@dicellolevitt.com

Matthew S. Miller*
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Tel.: 312-741-1085
mmiller@msmillerlaw.com

Robert D. Ryan – 014639
**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona 85003
Tel.: 602-256-2333
rob@robertdryan.com

* Pro Hac Vice

*Counsel for Plaintiff and the Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carson Little, individually and on behalf of the Class, | No. CV-20-00795-PHX-SMB |
| Plaintiff, | The Honorable Susan M. Brnovich |
| v. | **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S DAMAGES EXPERT OR, ALTERNATIVELY, TO EXCLUDE CERTAIN OPINIONS OF DEFENDANT'S DAMAGES EXPERT** |
| Grand Canyon University, | |
| Defendant. | |

Plaintiff Carson Little ("Plaintiff"), individually and on behalf of the Class, moves this Honorable Court for an order excluding Defendant Grand Canyon University ("GCU") from offering at trial the testimony and report of Defendant's expert witness, Benjamin Wilner ("Wilner").

**A. GCU and Wilner Failed to Produce Relevant and Required Documents and Information.**

GCU retained Wilner, an economist, to opine on damages in this case. His report is attached as Exhibit 1 to this Motion.[1] Wilner claims that he and his employer, Alvarez & Marsal Disputes and Investigations, LLC, have advised and consulted with universities on fees and rates related thereto, including during the pandemic, but he refused to identify any universities that he or his employer supposedly advised. *See* Exhibit 2, Wilner Dep. at 23-24. Wilner has been retained by other universities in COVID-related litigation to provide opinions regarding fees but refused to provide information about his opinions in those matters, citing a "privilege" that not even GCU would embrace. *Id.* at 151-154, 159-162. This information is highly relevant to this case and should have been produced. *See* Fed. R. Civ. P. 26(a)(2). Rule 26(a) specifically requires that a party provide a complete statement of all opinions that its expert witness will express and the facts or data considered by the witness in forming them. *See id*. at 26(a)(2)(B)(i) and (a)(2)(B)(ii).

This production failure prevents the Class from challenging Wilner's expertise and credibility and arming the Class's expert with additional information. It also failed to provide Plaintiff with a necessary facts and data which Wilner uses to support to his opinion. It is too late for GCU to try to cure the deficiency now. GCU's refusal to supplement the disclosures even after the deposition amounts to a willful and knowing refusal to remedy the noncompliance. Wilner's testimony and report should be excluded

---

[1] The attached report is redacted because GCU marked it "confidential" pursuant to the protective order entered in this case. GCU has not yet responded to a request to remove the "confidential" designation. Given the meet and confer obligations, Plaintiff is filing this Motion with the report redacted and will separately provide a copy to the Court for *in camera* review. If GCU will not consent to removing the designation, Plaintiff will file an appropriate to remove the designation, and GCU will bear the burden of establishing the basis for the designation.

entirely. *See* Fed. R. Civ. P. 37(c)(1); *Popovic v. Spinogatti*, No. CV-15-0037-PHX-JJT, WL 2893426, at *32 (D. Ariz. May 17, 2016) (exclusion is an appropriate sanction for failure to disclose required discovery); *see also New Jersey Physicians United Reciprocal Exchange v. Boynton & Boynton, Inc.*, Civil Action No. 12-5610 (PGS), 2017 WL 3624239, at *13 (D.N.J. Aug. 23, 2017*); Zurich Am. Ins. Co. v. Hardin*, No. 8:14-CV-775-T-23AAS, 2020 WL 1150981, at *3 (M.D. Fla. Mar. 10, 2020). "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Santo v. Efco Forms*, No. CV-F-04-6401LJO, 2005 U.S. Dist. LEXIS 55813, at *11 (E.D. Cal. Sep. 21, 2005).

**B. Even if Properly Supported, Wilner's Opinions are Irrelevant**

Damages in this case involve a straightforward question: How much does GCU owe the students for fees it collected for student activities and health services that it did not provide? This is not a case of complex economics. Students did not have a choice as to whether to pay the activity or health fee based on demand for those services. All students have to pay the fees regardless of their demand for the services.[2] *See* Ex. 3, Junette West (30(b)(6) Designee) Dep. at 59-60. This Court has likewise already concluded that:

> Regardless of whether Plaintiff used the facilities, GCU breached the contract between the parties if GCU failed to offer the facilities or services due to the COVID-19-related closures on campus. Plaintiff is correct that he is entitled to have what he paid for regardless of whether he chose to use those services.

*See* Dkt. 72, 1/28/2022 Order, at 7. Given those facts, Wilner's views on supply and demand economics have nothing to do with this case and should be excluded, as they would be confusing to the jury and highly prejudicial to the Class given the lack of any nexus to this case.

Likewise, Wilner's opinions about "economic forces" are unrelated to this case and should be excluded. This case is not about fees or enrollment decisions from the Fall of 2020, and there's no evidentiary basis to support Wilner's beliefs about what students

---

[2] As this Court has already ruled, the charges are the students' responsibility. It does not matter whether some other source funded the payment. The contract is between the students and the university.

3

decided to do in the Fall of 2020. Moreover, Wilner's "economic forces" theories morph into opinions about tuition, rate my professor surveys, and quality of education and graduation rates, none of which has anything to do with this case. *See* Wilner Report at VI(C), pp 26-28.

Wilner's effort to equate the on-campus activities covered by the Student Activity fee as described on GCU's website, *see* Doc. 136-1 at p. 62, with online activities, goes beyond his area of expertise and lacks any supporting facts. Wilner is not an expert in higher education functions, does not have any basis to offer an opinion that online activities such as meme challenges, social media engagement, Netflix movies, etc, were somehow comparable to the expected campus activities, and has no facts to support his hypothesis.

Finally, Wilner opines that students may not have been damaged if someone else paid their fees or if they received financial aid or other sources of payment. These opinions run afoul of this Court's January 28, 2022, order on class certification where the Court rejected GCU's standing arguments, stating: "It is irrelevant if Plaintiff got the money from his parents, a student loan, or a scholarship."  *See* Dkt .72 at 6. Regardless of payment source, the contracts are between the students and GCU.  *Id.*

Wilner's opinions should be excluded pursuant to Federal Rules of Evidence 401, 402, 403, 702, and 703; *see generally*, *Guidroz-Brault v.Mo. Pac. R.R. Co.,* 254 F.3d 825, 830–31 (9th Cir. 2001) (excluding expert testimony not sufficiently based on facts of the case); *Tucker v. Cty. of Riverside*, No. EDCV 16-02275 JGB (DTBx), 2018 U.S. Dist. LEXIS 228084, at *35 (C.D. Cal. May 23, 2018) (expert testimony is inadmissible when the expert's factual premise contradicts the evidence).

**C.  Proposed Language for Court's Order**

Plaintiff proposes the following language for use in an order regarding this motion:

*"Defendant Grand Canyon University will be prohibited from calling Benjamin Wilner as an expert witness in this matter."*

## CONCLUSION

Plaintiff asks that his motion herein be granted.

| | |
|---|---|
| DATED: September 22, 2023 | */s/ Peter C. Soldato*<br>Adam J. Levitt\*<br>Laura E. Reasons\*<br>Peter C. Soldato\*<br>**DiCELLO LEVITT LLP**<br>Ten North Dearborn Street, Sixth Floor<br>Chicago, Illinois 60602<br>Tel.: 312-214-7900<br>alevitt@dicellolevitt.com<br>lreasons@dicellolevitt.com<br>psoldato@dicellolevitt.com<br><br>Matthew S. Miller\*<br>**MATTHEW S. MILLER LLC**<br>77 West Wacker Drive, Suite 4500<br>Chicago, Illinois 60601<br>Tel: (312) 741-1085<br>Email: mmiller@msmillerlaw.com<br><br>Robert D. Ryan – 014639<br>**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**<br>343 West Roosevelt Street, Suite 220<br>Phoenix, Arizona 85003<br>Tel.: 602-256-2333<br>rob@robertdryan.com<br><br>\**Pro Hac Vice*<br><br>**Counsel for Plaintiff and the Class** |

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2023, I electronically transmitted the attached document to the Clerk of the Court utilizing the CM/ECF System, causing the attached document and Notice of Electronic Filing to be sent to the following, who are registered participants of the CM/ECF System:

SEAN P. HEALY, SB #018393
Sean.Healy@lewisbrisbois.com
KATHRYN HONECKER, SB #020849
Kathryn.Honecker@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona  85012
Telephone:  602-385-1040

JON P. KARDASSAKIS
Jon.Kardassakis@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California  90071
Telephone:  213-250-1800

*Counsel for Defendant*

/s/ Peter C. Soldato
Peter C. Soldato