SEAN P. HEALY, SB #018393
Sean.Healy@lewisbrisbois.com
KATHRYN HONECKER, SB #020849
Kathryn.Honecker@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Attorneys for Defendant Grand Canyon University

JON P. KARDASSAKIS *(PHV)*
Jon.Kardassakis@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213-250-1800
Facsimile: 213-250-7900

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Carson Little, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Grand Canyon University,<br><br>Defendant. | No. 2:20-cv-00795-SMB<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 1 RE: GCU'S FINANCIAL STATUS**<br><br>*(The Honorable Susan M. Brnovich)* |



129732810.8

Pursuant to Federal Rules of Evidence 401, 402, and 403, Grand Canyon University ("GCU"), by counsel, respectfully files this motion *in limine* to preclude Plaintiff and his counsel and witnesses from mentioning, or attempting to convey to the jury in any manner, either directly or indirectly, any information regarding GCU's for-profit status, profits, assets, and/or financial condition (collectively, "Financial Status").[1]

The only claims going to trial in this case are Plaintiff and the Class's breach of contract claims related to the Student Activity Fee and Health Fee. GCU anticipates that Plaintiff will seek to introduce evidence as to its Financial Status in an attempt to inflame and encourage the jury to make a finding of liability against GCU. As shown below, an *in limine* ruling as to this issue and evidence will minimize or eliminate the prejudicial impact of improper evidence and argument and promote the interests of judicial economy and trial efficiency. Moreover, an ordinary objection or motion to strike during the course of trial, even if sustained with proper instructions to the jury, would not avoid the extreme prejudice to GCU.

### 1. *Certification of Consultation*

Pursuant to Local Rule 7.2, the GCU certifies that after consultation via Zoom on September 19, 2023, and good faith efforts to do so, the parties have not reached an agreement to preclude this evidence.

### 2. *Evidence of GCU's Financial Status is Irrelevant to this Case*

#### a. *GCU's Financial Status is irrelevant to the claims at issue.*

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Here, GCU's Financial Status is irrelevant to this case as it has no tendency to make a fact more or less probable that without the evidence nor is it of consequence in determining the terms or breach of any contract regarding the Student Activity Fee or Health Fee or in calculating damages. Fed. R.

---

[1] Including, but not limited to, statements suggesting that GCU profited from COVID-19 through savings from cancelled services and/or the receipt of government funds (it did not).

Evid. 401; *see* RAJI Contract 17 (Measure of Direct Damages for Breach of Contract), 18 (Consequential Damages). Evidence regarding GCU's Financial Status is so far removed from Plaintiff's only claim—breach of contract—that there is no room for argument about its relevance. It is not relevant and, therefore, inadmissible. Fed. R. Evid. 402.

### b. Punitive Damages are not at issue.

The only conceivable relevance such evidence could have would be to the jury's consideration of punitive damages, which are not available in this case. Evidence pertaining to GCU's Financial Status would therefore confuse the jury as to its relevance and should be excluded. Fed. R. Evid. 402.

### 3. Evidence of GCU's Financial Status would be unfairly prejudicial to GCU

With no need to present evidence relevant to a punitive damages award, the only possible purpose for seeking to introduce evidence of GCU's Financial Status, or for referring to GCU as a "for profit" institution or a million-dollar or billion-dollar company, is to unfairly prejudice GCU and inflame the jury into assessing a large verdict against GCU and in favor of Plaintiff and the Class, former students, in a David versus Goliath trope. Indeed, the district court in *Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM, 2023 U.S. Dist. LEXIS 29827, at *214–22 (E.D. Cal. Feb. 22, 2023), recently expressed similar concerns in granting a motion *in limine* concerning a defendant's financial condition:

> Evidence of Leprino's financial condition would also present dangers of prejudicing Defendants and misleading the jury. Leprino's financial condition might lead the jury to tilt toward finding Defendants liable not because they actually violated the law, but because they can presumably afford to pay damages. Additionally, Leprino's financial condition could inflame the jury into improperly believing that Leprino unconditionally prioritizes big profits over the welfare of its employees. Therefore, in light of the above, the Court will exclude Plaintiffs from presenting evidence of Leprino's financial condition.

That type of prejudice is exactly what Federal Rule of Evidence 403 guards against. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

To avoid further prejudice and confusion, Defendant requests that throughout the trial it be referred to as Grand Canyon University and/or GCU.

WHEREFORE, because GCU's Financial Status is irrelevant and its use at trial would be unfairly prejudicial and could cause jury confusion as to whether they are to consider GCU's Financial Status in rendering their verdict, GCU respectfully requests that this Court enter an Order with the following proposed language:

> IT IS ORDERED, Plaintiff and his counsel and witnesses are precluded from mentioning, or attempting to convey to the jury in any manner, either directly or indirectly, any information regarding GCU's for-profit status, profits, assets, and/or financial condition, including but not limited to any argument that GCU profited from COVID-19 through savings from cancelled services and/or receipt of government funds, and to refer to the Defendant as Grand Canyon University and/or GCU.
> IT IS FURTHER ORDERED that the parties and all their counsel and witnesses are precluded from making any reference to the fact that this Motion has been filed and granted.

DATED this 22nd day of September, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By /s/ Sean P. Healy
Sean P. Healy
Jon P. Kardassakis
Kathryn Honecker
Attorneys for Defendant
Grand Canyon University



129732810.8                                    3

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert D. Ryan
**LAW OFFICES OF**
**ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona 85003
rob@robertdryan.com

Matthew S. Miller
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
mmiller@msmillerlaw.com

Adam J. Levitt
Amy E. Keller
Laura E. Reasons
Peter C. Soldato *(PHV)*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com
psoldato@dicellolevitt.com

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　/s/ Holly Bornhoft