SEAN P. HEALY, SB #018393
Sean.Healy@lewisbrisbois.com
KATHRYN HONECKER, SB #020849
Kathryn.Honecker@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Attorneys for Defendant Grand Canyon University

JON P. KARDASSAKIS *(PHV)*
Jon.Kardassakis@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213-250-1800
Facsimile: 213-250-7900

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Carson Little, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Grand Canyon University,<br><br>Defendant. | No. 2:20-cv-00795-SMB<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 2 RE: WEBPAGE BATES NUMBERED PL000345**<br><br>*(The Honorable Susan M. Brnovich)* |

129784814.3

Pursuant to Federal Rules of Evidence 401, 402, 403, and 901, Grand Canyon University ("GCU"), by counsel, respectfully moves this Court for a motion *in limine* to preclude Plaintiff and his counsel and witnesses from introducing into evidence, mentioning, or attempting to convey to the jury in any manner, either directly or indirectly, any information regarding the webpage Bates numbered PL000345, attached as Exhibit A.

The only claims going to trial in this case are Plaintiff and the Class's breach of contract claims related to the Student Activity Fee and Health Fee for the Spring 2020 Semester. In support of the $300 Student Activity Fee claim, Plaintiff seeks to rely on a printed webpage or "printout" that references a purported $200 activity fee for the 2011-2012 academic year—9 years earlier. Plaintiff's position is that PL000345 "is a true and accurate copy of an informational flyer published by Defendant GCU and still available at Defendant GCU's website at: https://news.gcu.edu/app/uploads/2011/03/Activity." *See* Doc. 136-1, ¶ 9. Defendant disagrees with Plaintiff's characterization of this document and that it has any relevance to Plaintiff's claims concerning the $300 Spring 2020 Semester Student Activity Fee at issue in this case. As shown below, an *in limine* ruling as to this issue and evidence will minimize or eliminate the prejudicial impact of improper evidence and argument or jury confusion and promote judicial economy and trial efficiency, that cannot be obtained with an ordinary objection or motion to strike during the course of trial.

### 1. Certification of Consultation

Pursuant to Local Rule 7.2, the GCU certifies that after consultation via Zoom and good faith efforts, the parties have not reached an agreement to preclude this evidence.

### 2. PL000345 Lacks Authentication, is Irrelevant, and will Confuse the Jury

The Court should exclude PL000345 for one simple reason: it has not been authenticated. Federal Rule of Evidence 901(a) provides:

> To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

Authentication is required of all evidence offered as an exhibit at trial that is not self-

authenticating. Fed. R. Evid. 901(a). Websites from non-governmental agencies, such as GCU.edu, are not self-authenticating. As a result of the fungible and hackable nature of internet sources, courts are wary of evidence printed form the internet, and the proponent of the evidence bears the burden of presenting evidence sufficient to allow a reasonable juror to find that the website evidence is what its proponent claims. To authenticate printouts from a website, the party proffering the evidence must provide "some statement or affidavit from someone with knowledge." *In re HomeStore.com, Inc.,* 347 F. Supp. 2d 769, 782–83 (C.D. Cal. 2004) (finding that "printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902") (cited by *Larsgard v. Corizon Health, Inc.*, No. CV 13-01747-PHX-SPL (JFM), 2014 U.S. Dist. LEXIS 150333, at *12 n.7 (D. Ariz. Oct. 21, 2014)).

      As the proponent of PL000345, Plaintiff cannot meet his burden of showing authenticity because he cannot provide a witness to testify to the authenticity and trustworthiness of the information provided in PL000345. Plaintiff claims that he, personally, can authenticate this document, but that is untrue. Plaintiff is not claiming that he created or published PL000345, but that it was done by GCU. Moreover, from the face of this document, it appears to have been created in or about 2011, nine years before the events at issue. Plaintiff has not and cannot provide the basic information about the creation of the 2011 webpage printout. Gregory P. Joseph, <u>Internet Evidence</u>, 23 National Law Journal 42 (2001) (to authenticate information posted on a website, courts consider details such as the length of time the particular information remained posted on the site, the frequency with which the information has been republished and seen by others, the source of the information, and the ability to verify the information). Even given the liberal construction of the knowledge requirement under Rule 901(b)(1), this Court should exclude the evidence because Plaintiff cannot provide the most basic information to show that the evidence is trustworthy. Plaintiff has no personal knowledge of and cannot provided a witness who can authenticate a multitude of details about PL000345.

      GCU also disagrees with Plaintiff's portrayal of PL000345 as being "still available"

on GCU's website or as evidencing any type of promise regarding his Spring 2020 Student Housing Fee. As the Ninth Circuit explained, "courts will not enforce agreements where the terms are 'buried at the bottom of the page or tucked away in obscure corners of the website,' especially when such scrolling is not required to use the site. Similarly, courts decline to enforce agreements where the terms are available only if users scroll to a different screen, complete a multiple-step process of clicking non-obvious links, or parse through confusing or distracting content and advertisements." *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1220–21 (9th Cir. 2019) (internal citations omitted). Here, Plaintiff cannot explain how a student could easily navigate GCU's website and locate this 12-year-old document to make it relevant to the claims in this case. Fed. R. Evid. 401–02.

Additionally, as PL000345 appears on its face to relate to a $200 fee for the 2011-2012 academic year, it bears no relevance to Plaintiff's breach of contract claim at issue in this case, which relates to a $300 fee for the Spring 2020 Semester. Introduction of an obscure outdated flyer Plaintiff's counsel located on the internet discussing a different fee would be improper and would confuse the jury. Fed. R. Evid. 401–03.

WHEREFORE, GCU respectfully requests that this Court enter an Order containing the following proposed language:

> IT IS ORDERED, Plaintiff and his counsel and witnesses are precluded from introducing into evidence, mentioning, or attempting to convey to the jury in any manner, either directly or indirectly, any information regarding the webpage Plaintiff Bates numbered PL000345.
>
> IT IS FURTHER ORDERED that the parties and all their counsel and witnesses are precluded from making any reference to the fact that this Motion has been filed and granted.

DATED this 22nd day of September, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By _____



129784814.3                                         3

| | |
|---|---|
| 1 | Sean P. Healy |
| 2 | Jon P. Kardassakis |
| 3 | Kathryn Honecker |
|   | Attorneys for Defendant |
| 4 | Grand Canyon University |

129784814.3

4

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert D. Ryan
**LAW OFFICES OF**
**ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona 85003
rob@robertdryan.com

Matthew S. Miller
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
mmiller@msmillerlaw.com

Adam J. Levitt
Amy E. Keller
Laura E. Reasons
Peter C. Soldato *(PHV)*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com
psoldato@dicellolevitt.com

*Attorneys for Plaintiff*

129784814.3

5