SEAN P. HEALY, SB #018393
Sean.Healy@lewisbrisbois.com
KATHRYN HONECKER, SB #020849
Kathryn.Honecker@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Attorneys for Defendant Grand Canyon University

JON P. KARDASSAKIS *(PHV)*
Jon.Kardassakis@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213-250-1800
Facsimile: 213-250-7900

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Carson Little, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Grand Canyon University,<br><br>Defendant. | No. 2:20-cv-00795-SMB<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 3 RE: REFERENCES TO CLOSED CAMPUS**<br><br>*(The Honorable Susan M. Brnovich)* |



129732808.4

Pursuant to Federal Rules of Evidence 401, 402, and 403, Grand Canyon University ("GCU"), by counsel, respectfully moves this Court for a motion *in limine* to preclude Plaintiff and his counsel and witnesses from introducing into evidence, mentioning, or attempting to convey to the jury in any manner, either directly or indirectly, any information that Grand Canyon University closed or otherwise shut-down its campus during the Spring 2020 Semester.

The only claims going to trial in this case are Plaintiff and the Class's breach of contract claims related to the Student Activity Fee and Health Fee for the Spring 2020 Semester. Despite the Court's recent findings that GCU did not close its campus, Plaintiff insists that he will still be arguing that GCU's campus was closed. As shown below, Plaintiff should be precluded from attempting to relitigate an issue the Court has already resolved and that is irrelevant to his claims and only likely to confuse the jury.

### 1. Certification of Consultation

Pursuant to Local Rule 7.2, the GCU certifies that after consultation via Zoom on September 22, 2022, and good faith efforts, the parties have not reached an agreement to preclude this evidence.

### 2. Plaintiff Should be Precluded from Arguing that GCU's Campus was Closed

In the recent Order on Defendant's Motion for Summary Judgment, the Court considered the evidence and rejected Plaintiff's argument that GCU's campus was closed or "shut down":

> Plaintiff …. disagrees with GCU's framing its policy as "merely suggesting students return home" and asserts disputes of fact exist as to **whether GCU's campus** and food services **remained open**. To support his characterization of GCU's conduct, Plaintiff cites the following six pieces of evidence:
>
> 1. GCU's March 20, 2020 statement that students "should return to their homes" and that "[n]on-compliance may result in you being asked to leave campus."
>
> 2. GCU's March 21, 2020 statement asking non-international students and students donts without special circumstances "to leave campus as soon as possible."



129732808.4

1

3. GCU student Nick Hedman's "understanding" that GCU was closing residence halls.

4. Plaintiff's "understanding that GCU was closing residence halls.

5. GCU President Mueller's video announcement confirming GCU "had to shut the campus down."

6. GCU President Mueller's April 2, 2020 statement that 95% of GCU's employees were working from home.

None of Plaintiff's cited facts dispute GCU's position, except for Hedman and Plaintiff's "understandings" of GCU's March 21 statement. The Court finds these "understandings" unsupported and unpersuasive. First, Plaintiff takes GCU's March 20 statement out of context. That statement does not reflect a mandate for students to leave campus, rather it highlights GCU's preference that students stayed home as part of its belief they would be safer there. Furthermore, the Court reads GCU's threat of being asked to leave campus as a potential consequence for non-compliance with its COVID-19 monitoring and reporting requirements. Second, GCU's March 21 statement reflects that GCU *asked* and did not *mandate* students to leave campus. Third, Hedman and Plaintiff's understandings of GCU's March 21 statement are unsupported by the permissive nature of the statement itself. ***Fourth, GCU's description of its conduct as "shut[ting] down the campus" is consistent with its previous assertion that residence halls and other services would remain available on a limited basis. The Court finds the subsequent paragraph in Plaintiff's separate statement of facts relevant to this point—GCU was "pleased to report that [there was] less than . . . 1,000 students on campus."*** Finally, GCU employees' work status is irrelevant to whether GCU kept its residence halls and food services available.

Plaintiff points to no evidence, and the Court has found none, disputing that GCU continued to provide housing and food services through the end of Spring 2020.

Doc. 150, at 5–6 (granting Defendant summary judgment on Plaintiff's room and board claim) (emphasis added) (citations omitted). The Court's findings of facts are now the law-of-the-case and preclude Plaintiff from continuing to challenge an issue that the Court has already decided—"whether GCU's campus … remained open." Doc. 150, at 5:10–12;

*Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 833–34 (9th Cir. 1982) ("The 'law of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case."); *accord Tsosie v. U.S*, No. CV-19-08061-PCT-GMS (ESW), 2020 U.S. Dist. LEXIS 169887, at *3 (D. Ariz. Sep. 15, 2020).

Despite the Court's finding that GCU's campus was **not** closed, Plaintiff still intends to argue at trial that GCU's campus was closed—and do so by relying on the same evidence already rejected by this Court. This is improper and should be precluded.

Moreover, the issue is whether GCU provided the services it purportedly promised with regard to the Student Activity Fee and Health Fee, not whether Campus was open (it was). Allowing Plaintiff to rehash this issue will not only violate the law-of-the-case doctrine, but would introduce inadmissible irrelevant evidence that will only serve to confuse the jury as to the true issues in the case. Fed. R. Evid. 401–03.

WHEREFORE, GCU respectfully requests that this Court enter an Order containing the following proposed language:

> IT IS ORDERED, Plaintiff and his counsel and witnesses are precluded from introducing into evidence, mentioning, or attempting to convey to the jury in any manner, either directly or indirectly, any information that Grand Canyon University closed or otherwise shut-down its campus during the Spring 2020 Semester.
>
> IT IS FURTHER ORDERED that the parties and all their counsel and witnesses are precluded from making any reference to the fact that this Motion has been filed and granted.

DATED this 22nd day of September, 2023.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____

1
2
3
4

Sean P. Healy
Jon P. Kardassakis
Kathryn Honecker
Attorneys for Defendant
Grand Canyon University

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert D. Ryan
**LAW OFFICES OF**
**ROBERT D. RYAN, P.L.C.**
343 West Roosevelt Street, Suite 220
Phoenix, Arizona 85003
rob@robertdryan.com

Matthew S. Miller
**MATTHEW S. MILLER LLC**
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
mmiller@msmillerlaw.com

Adam J. Levitt
Amy E. Keller
Laura E. Reasons
Peter C. Soldato *(PHV)*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
lreasons@dicellolevitt.com
psoldato@dicellolevitt.com

*Attorneys for Plaintiff*

129732808.4

5