IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carson Little,<br><br>        Plaintiff,<br><br>v.<br><br>Grand Canyon University,<br><br>        Defendant. | No. CV-20-00795-PHX-SMB<br><br>**ORDER** |

    Pending before the Court are three Motions in Limine filed by Plaintiff. They are Plaintiff's Motion in Limine Regarding Source of Student Payments and Unrelated Cares Act Disbursements by Defendant GCU (Doc. 152); Plaintiff's Motion in Limine Regarding Defense of Impossibility (Doc. 153); and Plaintiff's Motion in Limine To Exclude Defendant's Damages Expert or, Alternatively, To Exclude Certain Opinions of Defendant's Damages Expert (Doc. 155). The Court has read the motions in limine, the responses (Docs. 169, 167, and 168), and heard oral argument on October 23, 2023. The Court will deny these three motions.

**I.    Source of Student Payments and Unrelated Cares Act Disbursements by Defendant GCU**

    Plaintiff asks for an order prohibiting Defendant from introducing evidence, testimony, or argument regarding the source of funds that students used to pay fee amounts or federal government funds provided by GCU to students under the CARES Act. Plaintiff seeks to preclude the evidence as irrelevant under Federal Rule of Evidence 402 and/or unfairly prejudicial under Federal Rule of Evidence 403. Plaintiff argues that the source

of funds used to pay the fees is irrelevant because students were personally liable for the fees regardless of whether they paid the fees with their own money or from another source. Plaintiff also argues that information about source of funds would be confusing to the jury. Plaintiff's position on the CARES Act money is that that money was to help students with unexpected expenses and hardships related to new living situations and/or transition to remote learning—but that these payments did not relieve GCU from its obligation to return Student Activity or Health Fees.

Defendant GCU counters that this is a breach of contract case and the collateral source rule does not apply. Defendant is correct. The collateral source rule says "payments made to the injured person from other sources—i.e., collateral sources—do not reduce the tortfeasor's liability." *Centerpoint Mech. Lien Claims, LLC v. Commonwealth Land Title Ins. Co.*, 530 P.3d 1151, 1163 (Ariz. Ct. App. 2023) (citing *John Munic Enters., Inc. v. Laos*, 326 P.3d 279, 284 (Ariz. Ct. App. 2014)). "This is true even though payments from collateral sources may cover all or part of the harm for which the tortfeasor is liable." *Id*. However, the collateral source rule is a concept of damages in tort cases and does not apply to an ordinary breach of contract case. *Corzo v. Maricopa Cty. Cmty. Coll. Dist.*, No. CV-15-02552-PHX-ESW, 2019 WL 13032054, at *1 (D. Ariz. Jan. 16, 2019) (citing *Grover v. Ratliff*, 586 P.2d 213, 215 (Ariz. Ct. App. 1978). "Arizona law is clear, however, that the collateral source rule does not apply to ordinary breach of contract claims." *Norwest Bank (Minnesota), N.A. v. Symington*, 3 P.3d 1101, 1109 (Ariz. Ct. App. 2000).

At oral argument, Plaintiff did not provide any case law that would give any authority for this Court to ignore this general rule related to contract damages in this case. Thus, Plaintiff's motion will be denied.

**II.     Defense of Impossibility**

Plaintiff moves this Court to prevent Defendant from suggesting, through evidence, testimony, or argument, that impossibility, impracticability, or frustration of performance is a defense. Defendants argue that impossibility of performance is a complete defense to breach of contract and precludes damages.

Absent controlling authority to the contrary, Arizona courts "generally follow the Restatement when it sets forth sound legal policy." *In re Sky Harbor Hotel Props., LLC*, 443 P.3d 21, 23 (Ariz. 2019). A defendant who prevails on an impossibility defense is not liable for "damages," but can still be liable for restitution to the Plaintiff. *See* Restatement (Second) of Contracts § 272 cmt. b (1981). The doctrine of restitution prohibits unjust enrichment at the expense of another, meaning that an excused party would have to return any payments received in advance. *See id.* § 377. The party has not breached the contract due to the impossibility defense, but they also have not performed, and therefore it would be unjust for them to keep any money received. This is distinct from an unjust enrichment or other quasi-contract claim under the current Restatement, which Arizona follows. *See id.* § 272 cmt. b. Therefore, "even if GCU can prove that the defense applies to this case, the Restatement recognizes that it is generally appropriate to allow a party who has performed to seek restitution." *Hannibal-Fisher v. Grand Canyon Univ.*, 523 F. Supp. 3d 1087, 1097 (D. Ariz. 2021).

The Court will deny Plaintiff's motion because impossibility is a defense. However, the jury will be instructed that if they find a breach occurred but was excused by impossibility/impracticability, they will then need to determine if restitution is owed. If they find that a breach occurred and was not excused, they will be directed to the instruction on contract damages.

### III. Defendant's Damages Expert

Here, Plaintiff asks the Court to exclude Defendant's damages expert, Benjamin Wilner, because Wilner failed to produce relevant and required documents and information and because Wilner's opinions are irrelevant. Plaintiff states that Wilner refused to identify other clients he has advised and refused to provide opinions he gave to those other clients. It is Plaintiff's position that the information should have been produced pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiff's second argument is that Wilner's opinion is based on supply and demand economics and has nothing to do with the damages in this case and is therefore irrelevant.

> An expert report must include:
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>> (ii) the facts or data considered by the witness in forming them;
>> (iii) any exhibits that will be used to summarize or support them;
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Plaintiff has not shown that any opinion Wilner has given in another unrelated case was used by him in forming his opinion in this case. The same is true of any of the facts or data from unrelated cases. Thus, the material requested does not appear to be contemplated by Rule 26. Other courts have found that opinions given by an expert when consulting in a separate case are not discoverable absent exceptional circumstances. *See Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 420 (N.D. Ill. 2011); *Arkansas River Power Auth. v. The Babcock & Wilcox Co.*, 310 F.R.D. 492, 495–97 (D. Colo. 2015). Plaintiff hasn't asserted exceptional circumstances and none would appear to exist given that Plaintiff already has access to Wilner's reports in several other cases. (*See* Doc. 155-2 at 7.)

Plaintiff's second argument is that Wilner should be excluded because Plaintiff disagrees with his methodology for calculating damages. The Court has read the report. Wilner uses a different method for calculating damages than that used by Plaintiff's expert and Wilner criticizes the method used by Plaintiff's expert. The Court finds no basis for Plaintiff's statement that Wilner's opinion lacks any nexus to this case. Just as the Court found Defendant's challenges to Plaintiff's expert didn't merit exclusion, the Court finds Plaintiff's challenges to Wilner are more appropriately dealt with by cross-examination. *See Skinner v. Tuscan, Inc.*, No. CV-18-00319-TUC-RCC, 2020 WL 5946897, at *4 (D. Ariz. Oct. 7, 2020) (Defendant should challenge the methodology through cross-examination). Plaintiff's motion will be denied.

**IV.     Conclusion**

For the reasons given above,

**IT IS ORDERED denying** Plaintiff's Motion in Limine Regarding Source of Student Payments and Unrelated Cares Act Disbursements by Defendant GCU (Doc. 152); Plaintiff's Motion in Limine Regarding Defense of Impossibility (Doc. 153); and Plaintiff's Motion in Limine to Exclude Defendant's Damages Expert or, Alternatively, To Exclude Certain Opinions of Defendant's Damages Expert (Doc. 155).

Dated this 24th day of October, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge